IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**UNITED STATES OF AMERICA**

v.                                                                     **CRIMINAL CASE: 2:09cr43-KS-MTP**

**THEDDIS MARCEL PEARSON,** *et al.*

## ORDER

THIS MATTER came before the court this day for hearing on the motion [162] of Defendant Patrick Arnold for the production of statements of persons who are not prospective Government witnesses, and the court having considered the motion finds that it should be denied.

Rule 16(a)(1)(E)(i) of the Federal Rules of Criminal Procedure obligates the Government, upon a Defendant's request, to produce items within its possession, custody or control that are material to preparing a defense. Arnold argues, without citing any specific supporting case law,[1] that any statement "directly or indirectly relating to the facts of the case" should be considered "material to preparing the defense" pursuant to Fed. R. Crim. P. 16(a)(1)(E)(i). However, such a broad definition of "material" is not supported by existing case law. *See United States v. Ross*, 511 F.2d. 757 (5th Cir. 1975).

Morever, neither Rule 16 of the Federal Rules of Criminal Procedure nor the Jencks Act requires the Government to produce the statements of non-testifying witnesses. *See* Fed. R. Crim P. 16(a)(2) and 18 U.S.C. § 3500(a). Accordingly, the motion will be denied. The Government remains obligated to produce any such statements to the extent that they may

---

[1] Arnold does refer to the "principle of *Brady v. Maryland*," 373 U.S. 83 (1963).

contain exculpatory/*Brady* material or as otherwise provided by the Order Regarding Discovery [53] entered in this matter.

IT IS, THEREFORE, ORDERED that Arnold's Motion [162] be, and hereby is, DENIED.

SO ORDERED on May 17, 2010.

s/ Michael T. Parker
United States Magistrate Judge