IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA

vs.                                                          CRIMINAL ACTION NO. 2:09cr43-KS-MTP

THEDDIS MARCEL PEARSON, et al

**ORDER**

This matter is before the court on the Motion to Dismiss Indictment and/or Exclude Grand Jury Testimony filed by Defendant Patrick Arnold [Doc. # 137] (May 6, 2010). Having considered the Motion, the court finds that the motion should be **denied**.

Arnold testified before the grand jury on September 23, 2008, after his attorney, Calvin "Buck" Buchanan, was told by Assistant United States Attorneys Lacy and Blank that he was not the target of the investigation. As a result of Arnold's grand jury testimony an indictment was brought against Pearson and Jones, co-defendants in the present case. In October 2009, the government filed a motion to dismiss the indictment without prejudice which the district court granted. On October 20, 2009, Pearson and Jones, along with Arnold and four other Defendants were indicted. Arnold alleges that "the factual basis underlying Counts 2-11 in Indictment 2 substantially and materially differ from the factual basis underlying the crimes alleged in the same count of Indictment 1." Mot. ¶ 3 [Doc. # 137].

Arnold alleges government misconduct because 1) the government did not inform Arnold before his grand jury testimony that he was a target in the investigation so that he could invoke his Fifth Amendment right against incrimination, and 2) the government impermissibly used the grand jury as an opportunity to conduct discovery to garner information to indict Arnold. Arnold

1

asserts that the conduct violates Federal Rules of Criminal Procedure 6, 7, and 12, as well as the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution.[1]  Arnold requests various relief, including dismissal of the indictment, exclusion of the grand jury testimony, production of the Grand Jury minutes to allow Arnold to establish prejudice, or *in camera* review of the minutes to determine what evidence was used to indict Arnold.

The U.S. Attorney's Manual states that "[i]t is the policy of the Department of Justice to advise a grand jury witness of his or her rights if such witness is a 'target' or 'subject' of a grand jury investigation."  USAM § 9-11.151.  This internal policy "is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal."  USAM § 1-1.100.  The Manual notes that the "Supreme Court has declined to decide whether a grand jury witness must be warned of his or her Fifth Amendment privilege against compulsory self-incrimination before the witness's grand jury testimony can be used against the witness."  USAM § 9-11.151   In *United States v. Washington*, the justices stated:

> . . . we do not understand what constitutional disadvantage a failure to give potential defendant warnings [that he is a target] could possibly inflict on a grand jury witness, whether or not he has received other warnings. It is firmly settled that the prospect of being indicted does not entitle a witness to commit perjury, and witnesses who are not grand jury targets are protected from compulsory self-incrimination to the same extent as those who are. Because target witness status neither enlarges nor diminishes the constitutional protection against compelled self-incrimination, potential-defendant warnings add nothing of value to protection of Fifth Amendment rights.

---

[1] Arnold spends a great deal of time in his memorandum citing case law related to the violation of Federal Rule of Criminal Procedure 6(e).  The Court fails to see how this rule applies to the facts at hand.  Arnold has not alleged that the government impermissibly disclosed Arnold's grand jury testimony to an unauthorized person.

431 U.S. 181, 189 (1977). Additionally, the Fifth Circuit has clearly stated that: "It is settled that a 'target' defendant is not constitutionally entitled to advice of his target status, or even of his Fifth Amendment rights, when called to testify before the grand jury." *United States v. Williams*, 874 F.2d 968, 975(5th Cir. 1989) (citations omitted).

The Court finds that the prosecutors' failure to advise Arnold that he was a target is not prejudicial. Importantly, the government has presented testimony that Arnold was not a target of the investigation when he testified before the grand jury, but merely a witness with possible knowledge of a Medicare scheme by Pearson and Jones. Nor did Arnold's testimony prompt prosecutors to issue an indictment against Arnold in February 2009, when they indicted Pearson and Jones. The government contends that Arnold became a target as a result of the prosecutors' review of post-indictment discovery documents requested by Pearson and Jones from Cahaba. Among this evidence was information that Arnold was ranked number one in the country "in terms of allowed physical therapy by dollar amount." *See* Resp. 4 n.1 [Doc. # 234]. Simply put, the government had no duty to inform Arnold he was a target before he became one through subsequent evidence. Having failed to prove misconduct that violated Arnold's constitutional or statutory rights or that his indictment resulted from his grand jury testimony at all, the Court need not discuss its supervisory authority to dismiss indictments. All relief requested is denied.

IT IS, THEREFORE, ORDERED that the Motion to Dismiss Indictment and/or Exclude Grand Jury Testimony filed by Defendant Patrick Arnold [Doc. # 137] is hereby **denied**.

SO ORDERED AND ADJUDGED this the 27th day of May, 2010.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE